# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
### (Dallas Division)

| | |
|---|---|
| CANON INC., <br><br> Plaintiff, <br><br> v. <br><br> AVIGILON USA CORPORATION and AVIGILON CORPORATION, <br><br> Defendants. | Civil Action No. 3:17-cv-02733-N |

### BRIEF IN SUPPORT OF AVIGILON USA CORPORATION AND AVIGILON CORPORATION'S MOTION TO STAY PENDING *INTER PARTES* REVIEW

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND............................................2

    A.    District Court proceedings .........................................................................2

    B.    Patent Office *inter partes* review (IPR) proceedings................................3

III.    LEGAL STANDARD AND ARGUMENT ..........................................................3

    A.    Canon will not suffer undue prejudice from a stay....................................4

    B.    A stay is likely to simplify the issues for trial and will reduce the burden of litigation on the Court and the parties ...............................................9

    C.    The litigation is in its early stages............................................................12

IV.    CONCLUSION....................................................................................................14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. GNC Corp. v. LG Elecs. Inc.*,
   No. 17-cv-01090-BAS-BLM, 2018 U.S. Dist. LEXIS 40240 (S.D. Cal. Mar.
   12, 2018) ...................................................................................................................9, 11, 13

*Audio MPEG, Inc. v. Hewlett-Packard Comp.*,
   No. 15 Civ. 73, 2015 U.S. Dist. LEXIS 126014 (E.D. Va. Sept. 21, 2015) ..............................7

*Aylus Networks, Inc. v. Apple, Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)...............................................................................................10

*Blephex LLC v. Pain Point Med. Sys., Inc.*,
   No. 3:16-cv-0410-N, 2016 U.S. Dist. LEXIS 182544 (N.D. Tex. Nov. 3,
   2016) (Godbey, J.) .............................................................................................. *passim*

*Delphix Corp. v Actifio, Inc.*,
   No. 13-cv-04613-BLF, 2014 U.S. Dist. LEXIS 160372 (N.D. Cal. Nov. 13,
   2014) ..........................................................................................................................5

*e-Watch, Inc. v. Lorex Can., Inc.*,
   No. H-12-3314, 2013 U.S. Dist. LEXIS 138198 (S.D. Tex. Sep. 26, 2013) .................4, 10, 13

*Employment Law Compliance, Inc. v. Compli, Inc.*,
   No. 3:13-cv-3574-N, 2014 U.S. Dist. LEXIS 107449 (N.D. Tex. May 27,
   2014) (Godbey, J.) ...................................................................................................2, 4, 6, 7

*Finjan, Inc. v. Symantec Corp.*,
   139 F. Supp. 3d 1032 (N.D. Cal. Oct. 9, 2015) ............................................................4, 5, 13

*Fresenius USA Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013)...............................................................................................10

*Garmin Switz. GMBH v. FLIR Sys.*,
   No. 3:17-cv-01147-SB, 2017 U.S. Dist. LEXIS 207435 (D. Or. Dec. 18, 2017)............7, 8, 11

*iLife Techs., Inc. v. Nintendo of Am. Inc.*,
No. 3:13-cv-4987-M, 2014 U.S. Dist. LEXIS 113232 (N.D. Tex. Aug. 15, 2014)
   (Lynn, J.)..................................................................................................................12

*Micrografx, LLC v. Google, Inc.*,
   No. 3:13-cv-3595-N, 2014 U.S. Dist. LEXIS 182401 (N.D. Tex. July 9, 2014)
   (Godbey, J.).................................................................................................. *passim*

*Micrografx LLC v. Samsung Telecomm. Am., LLC*,
   No. 3:13-cv-3599-N, 2014 U.S. Dist. LEXIS 182399 (N.D. Tex. July 9, 2014)
   (Godbey, J.)......................................................................................................................4

*Murata Mach. USA v. Daifuku Co.*,
   830 F.3d 1357 (Fed. Cir. 2016)........................................................................................4

*NFC Tech. LLC v. HTC Am. LLC*,
   No. 2:13-cv-1058-WCB, 2015 U.S. Dist. LEXIS 29573 (E.D. Tex. Mar. 11,
   2015) ....................................................................................................................5, 11, 13

*PersonalWeb Techs., LLC v. Apple Inc.*,
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) .....................................................................10, 13

*Software Rights Archive LLC v. Facebook, Inc.*,
   No. C-12-3970 RMW, 2013 U.S. Dist. LEXIS 133707 (N.D. Cal. Sept. 17,
   2013) ..............................................................................................................................12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014).....................................................................................12

**Statutes**

35 U.S.C. § 102.......................................................................................................................1

35 U.S.C. § 103.......................................................................................................................1

35 U.S.C. § 313...................................................................................................................3, 4

35 U.S.C. § 314...................................................................................................................3, 4

35 U.S.C. § 315(a)(1)..............................................................................................................6

35 U.S.C. § 315(b) ..................................................................................................................5

35 U.S.C. § 315(e)(2)............................................................................................................11

35 U.S.C. § 316(a)(11)............................................................................................................3

**Regulations and Legislative History**

37 C.F.R. § 42.107(b) .............................................................................................................3

157 Cong. Rec. S5402-S5443 (daily ed. Sept. 8, 2011) ..............................................................6

77 Fed. Reg. 48,680 (Aug. 14, 2012)...................................................................................12

**I.     INTRODUCTION**

This week, Defendants Avigilon USA Corporation and Avigilon Corporation (collectively, "Avigilon") filed petitions with the U.S. Patent & Trademark Office ("PTO") for *inter partes* review ("IPR") of U.S. Patent Nos. 7,034,864 (the "'864 patent") and 9,191,630 (the "'630 patent") (the "Active Asserted Patents").   App. 19–1426, IPR2018-01626 and IPR2018-01627.[1,2] Avigilon's IPRs seek cancellation of all claims of the Active Asserted Patents on the basis that they are unpatentable as anticipated and rendered obvious by prior art pursuant to 35 U.S.C. §§ 102 and 103.  To conserve judicial and party resources, Avigilon respectfully moves the Court to stay this case during the pendency of the IPR proceedings.

All pertinent factors weigh in favor of a stay.  ***First***, Plaintiff Canon Inc. ("Canon") will not suffer undue prejudice from a stay because any delay associated with the IPRs is not unduly prejudicial, Avigilon has diligently prepared and filed the IPRs and present motion for a stay, and Canon cannot otherwise establish prejudice.  ***Second***, the IPR proceedings will simplify many issues in the case regardless of the outcome and will reduce the burden of litigation on the Court and the parties.  ***Third***, this case is in its early stages.  Discovery has been limited, the Court has not issued a claim construction order or scheduled a claim construction hearing, no depositions have been taken (except for two claim construction depositions), and no trial date has been set.

This Court has previously entered stays on similar facts, and the same result is warranted here.  *See, e.g.*, *Micrografx, LLC v. Google, Inc.*, No. 3:13-cv-3595-N, 2014 U.S. Dist. LEXIS 182401 (N.D. Tex. July 9, 2014) (Godbey, J.) (granting stay pending IPRs at a similarly early stage

---

[1] "App." refers to the Appendix filed together with this motion.

[2] In addition to the Active Asserted Patents, Canon asserts three expired patents in this case: 6,580,451, 6,911,999, and 7,321,453, which expired on December 18, 2016, January 27, 2017, and April 28, 2018, respectively (the "Expired Asserted Patents").  *See* Dkt. 1.

of the case where, as here, the parties had not completed discovery, no trial date was set, and the parties submitted claim construction briefs but the Court had not issued a *Markman* order or scheduled a *Markman* hearing); *see also Blephex LLC v. Pain Point Med. Sys., Inc.*, No. 3:16-cv-0410-N, 2016 U.S. Dist. LEXIS 182544 (N.D. Tex. Nov. 3, 2016) (Godbey, J.); *Employment Law Compliance, Inc. v. Compli, Inc.*, No. 3:13-cv-3574-N, 2014 U.S. Dist. LEXIS 107449 (N.D. Tex. May 27, 2014) (Godbey, J.).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     District Court proceedings

Canon filed a complaint on October 5, 2017 alleging that Avigilon infringes the five Asserted Patents. Dkt. 1. On May 16, 2018, Avigilon filed its Answer. In its Answer, Avigilon pleads, for example, defenses and counterclaims that the Asserted Patents are ineligible and/or invalid in view of prior art, not infringed, and that the '864 patent is unenforceable as a result of inequitable conduct in procuring the '864 patent. Dkt. 40, 41. On May 25, 2018, the parties filed opening claim construction briefs requesting the Court to construe 5 terms from the '864 patent, 3 terms from the '630 patent, and 6 terms from the Expired Asserted Patents. Dkt. 47, 49. On June 6, 2018, Canon filed a motion to dismiss Avigilon's defenses and counterclaims of inequitable conduct and laches. Dkt. 57. On June 22, 2018, the parties filed responsive claim construction briefs. Dkt. 58, 60. On June 27, 2018, Avigilon amended its Answer rendering Canon's motion to dismiss moot. Dkt. 62, 63. On July 11, 2018, Canon renewed its motion to dismiss, which is pending decision. Dkt. 65, 67, 70.

The status of the case is as follows:

- No trial date has been set. Dkt. No. 35.
- No deadlines for the close of fact and expert discovery have been set. *Id*.
- No case-dispositive motions have been filed.

- The Court has not issued its *Markman* decision, and no *Markman* hearing has been set.
- Essentially no discovery, except for that pertaining to claim construction, has been taken. In addition, the Scheduling Order provides that discovery regarding damages will not commence until 30 days after the Court issues a claim construction order and the parties have stipulated that email production also will not commence until that time. Dkt. 35 § 3.c; Dkt. 56 at 3.

### B. Patent Office *inter partes* review (IPR) proceedings

This week, on August 29, 2018, Avigilon filed two IPR petitions requesting that the PTO's Patent Trial and Appeal Board ("PTAB") cancel all claims of the '864 and '630 patents as anticipated and rendered obvious by prior art patents and printed publications identified in Avigilon's preliminary invalidity contentions in the litigation. App. 19–1426, IPR2018-01626 and IPR2018-01627. Canon has the option of filing a preliminary response to the IPR petitions within three months of the notice of filing date accorded to the petitions. *See* 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). The PTAB will then decide whether to "institute" IPR proceedings no later than three months after the preliminary response is filed. *See* 35 U.S.C. § 314. The PTAB will thus issue its institution decision on or about six months from the filing date. If the PTAB institutes review, the IPRs will proceed to a "trial" phase and the PTAB will issue its final written decision, absent extenuating circumstances, within one year of the institution date for a total pendency of the IPR proceedings of about 18 months. *See* 35 U.S.C. § 316(a)(11). If the PTAB does not institute review, the IPR proceedings will end approximately six months from filing of the IPR petitions, generally with no avenue for appeal.

### III. LEGAL STANDARD AND ARGUMENT

As this Court has previously recognized, the following factors are considered when deciding whether to stay litigation pending *inter partes* review: "(1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, and (3) whether discovery is complete and

3

whether a trial date has been set." *Micrografx, LLC v. Google, Inc.*, 2014 U.S. Dist. LEXIS 182401, at *2-3. The court may also weigh whether a stay would reduce the burden of litigation on the court and the parties. *Blephex LLC*, 2016 U.S. Dist. LEXIS 182544, at *2 (citing *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016)).

As noted, this Court has previously granted motions to stay litigation pending the outcome of *inter partes* review where, like here, the defendant had filed IPR petitions that were pending an institution decision from the PTO. *Micrografx v. Google*, 2014 U.S. Dist. LEXIS 182401, at *2 ("The PTO has not yet ruled on the petitions."); *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *5; *Employment Law Compliance*, No. 3:13-cv-3574-N, 2014 U.S. Dist. LEXIS 107449, at *5; *Micrografx LLC v. Samsung Telecomm. Am., LLC*, No. 3:13-cv-3599-N, 2014 U.S. Dist. LEXIS 182399, at *2 (N.D. Tex. July 9, 2014) (Godbey, J.). The PTO's institution decision is imminent here, because the PTO must decide whether to institute review within approximately six months. *See* 35 U.S.C. §§ 313, 314.[3]

For these reasons, and those further discussed below, the Court should grant this Motion and stay this case in its entirety pending resolution of the IPRs.

### A. Canon will not suffer undue prejudice from a stay

The first factor favors a stay because Canon will not suffer undue prejudice from a stay. Preliminarily, this Court has held—and it is well-settled that—"a delay caused by the *inter partes* review process, without more, does not justify denial of a stay" because "the length of the *inter partes* review alone does not establish prejudice." *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *4-

---

[3] *See also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. Oct. 9, 2015) (granting stay where "the PTO has not yet granted any of [defendant's] IPR petitions"); *e-Watch, Inc. v. Lorex Can., Inc.*, No. H-12-3314, 2013 U.S. Dist. LEXIS 138198, at *5 (S.D. Tex. Sep. 26, 2013) (granting stay where "a decision on whether to accept the applications for IPR is imminent").

5 (citations omitted); *accord NFC Tech. LLC v. HTC Am. LLC*, No. 2:13-cv-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *2 (E.D. Tex. Mar. 11, 2015). IPRs are required by statute to be completed within twelve months after institution (approximately 18 months total), which minimizes the duration of the stay. 35 U.S.C. § 316(a)(11). Indeed, "*inter partes* review was designed to create efficiencies and 'proceed in a timely fashion.'" *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *4-5 (citation omitted). Accordingly, the duration of the PTAB's review does not establish undue prejudice.

Canon also will not suffer prejudice because Avigilon has diligently prepared and filed its IPR petitions within the time allowed by statute, i.e., within one year of service of Canon's Complaint, and has expeditiously filed the present Motion the same week. 35 U.S.C. § 315(b); *Delphix Corp. v Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 U.S. Dist. LEXIS 160372, at *10 (N.D. Cal. Nov. 13, 2014) (holding that the court "will not require a patent infringement defendant to file a petition for *inter partes* review significantly earlier than the time allowed by statute"); *Finjan*, 139 F. Supp. 3d at 1036 (holding that "the Court declines to condition a stay on [defendant] seeking IPR earlier than the end of its statutory deadline" because "a defendant has an incentive to exhaust every avenue of inquiry before petitioning for IPR, as it may later be estopped from raising any issues it could have raised during that proceeding") (citations omitted).

After Canon served its infringement contentions on December 26, 2017 (asserting 92 claims from the Asserted Patents), and after Avigilon served its preliminary invalidity contentions on February 9, 2018, the parties unsuccessfully engaged in mediation in May of 2018. The parties then filed claim construction briefs on May 25 and June 22, 2018, which provided Avigilon with additional information regarding how Canon seeks to interpret the patent claims it asserts against Avigilon. Given the statutory purpose of 35 U.S.C. § 315(b), it was reasonable for Avigilon to

prepare and file the IPRs after considering Canon's further contentions regarding the meaning of the asserted claims in Canon's claim construction briefs. *See* 157 Cong. Rec. S5402-S5443, at S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Jon Kyl) (stating that the purpose of Section 315(b)'s 1-year period is that it is "difficult to determine within the first few months of the litigation which claims will be relevant and how those claims are alleged to read on the defendant's products" and to "afford defendants a reasonable opportunity to identify and understand the patent claims that are relevant to the litigation."); *see also Employment Law Compliance*, 2014 U.S. Dist. LEXIS 107449, at *3 (this Court identifying the parties' attempt at mediation and the need for defendant "to understand which claims were disputed" as "a valid reason" for defendant to wait to file IPRs and a motion to stay).

Canon also stated in its opposition to Avigilon's motion to voluntarily dismiss a related declaratory judgment action, *see* Civil Action No. 3:18-cv-01317-N in this District ("1317 Action"),[4] that Canon would challenge Avigilon's IPRs as barred under 35 U.S.C. § 315(a)(1) on the basis of the 1317 Action but acknowledged that "Canon … would lose the protections of the [315(a)(1)] statutory bar that prevents Avigilon from pursuing future *inter partes* review proceedings" if the Court granted Avigilon's motion. 1317 Action, Dkt. 41 at 6. The Court granted Avigilon's motion to voluntarily dismiss the 1317 Action on August 16, 2018. 1317 Action, Dkt. 70, 71. It was thus reasonable for Avigilon to file the IPRs—and the present motion to stay—shortly after the Court granted Avigilon's motion. In deciding Avigilon's motion, the Court determined that "Avigilon has not acted in bad faith or otherwise 'multiplied the proceedings ….'" 1317 Action, Dkt. 70 at 6. Accordingly, Avigilon has acted diligently in both its preparation

---

[4] *Avigilon USA Corp., et al., v. Canon Inc.*, No. 3:18-cv-01317-N (N.D. Tex.) (case closed).

and filing of the IPRs and the instant Motion.

Canon cannot otherwise establish undue prejudice that would warrant denial of a stay. ***First***, it is beyond dispute that Canon cannot establish competitive harm or prejudice on the basis of the three Expired Asserted Patents because, as this Court has recognized, if the IPRs resolve in Canon's favor and the litigation resumes monetary damages are sufficient to compensate Canon for any infringement of these patents. *Micrografx v. Google*, 2014 U.S. Dist. LEXIS 182401, at *3-4 ("[Plaintiff's] right to monetary damages for the period of infringement will not be affected by the expiration of the patent. Thus, a stay will not unduly prejudice [plaintiff]."); *accord Garmin Switz. GMBH v. FLIR Sys.*, No. 3:17-cv-01147-SB, 2017 U.S. Dist. LEXIS 207435, at *15-16 (D. Or. Dec. 18, 2017) (granting stay and finding no undue prejudice when the asserted '987 patent, which was not subject to IPR, would expire before trial because "if the Court ultimately determines that [plaintiff] suffered an injury to its '987 patent rights, monetary relief will be sufficient to compensate it for the harm."); *Audio MPEG, Inc. v. Hewlett-Packard Comp.*, No. 15 Civ. 73, 2015 U.S. Dist. LEXIS 126014, at *13 (E.D. Va. Sept. 21, 2015) (granting stay and holding that "because the patents at issue have expired, monetary damages will be sufficient to compensate Plaintiffs for any infringement ….").

***Second***, Canon cannot establish competitive harm or undue prejudice based on the '864 and '630 patents, which are the subject of the pending IPRs, because Canon's bare request in its Complaint for injunctive relief is speculative and unsupported. Dkt. 1 ¶¶ 71, 113 ("Canon is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§271, 281, 283, 284."). Indeed, as this Court has correctly recognized, even where a patent owner submits evidence establishing that it and the defendant offer similar services, such evidence does not justify denial of a stay pending IPRs. *Employment Law Compliance*, 2014 U.S. Dist. LEXIS 107449, at *4

7

("Though [plaintiff's] evidence shows that both parties provide similar services, [plaintiff] has not shown that [the parties] have in fact competed for clients or that its business has been affected by [defendant].") (citation omitted); *accord Garmin Switz.*, 2017 U.S. Dist. LEXIS 207435, at *14 (granting stay where "[plaintiff] does not allege that it is experiencing 'declining sales and market position' due to [defendant's] alleged infringement …. Nor does [plaintiff] present any evidence to show that [defendant] is encroaching on its market share.").

*Third*, Canon's failure to move for a preliminary injunction in the more than 10 months since Canon filed its Complaint belies any claim of competitive harm or undue prejudice from a stay. *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *3-4 (noting that while not dispositive, plaintiff's failure to file for a preliminary injunction suggests that monetary damages are sufficient to compensate plaintiff should defendants be found liable); *accord Garmin Switz.*, 2017 U.S. Dist. LEXIS 207435, at *14-15 ("Despite initially filing the claims against [defendant] one year ago … [plaintiff] has not moved for a preliminary injunction to halt [defendant's] allegedly infringing conduct. While that fact is not dispositive, the Court can only conclude that the alleged harm to [plaintiff's] market share caused by [defendant's] allegedly infringing conduct does not rise to the level of harm that cannot be redressed by monetary relief.").

*Finally*, even in the unlikely event the IPRs resolve in Canon's favor, Canon will not be unduly prejudiced by a stay and can seek any remedy available to it at that time. The PTAB is required by statute to act expeditiously on Avigilon's IPRs and the '864 and '630 patents do not expire until March 17, 2023 and July 30, 2030, respectively. *See Blephex*, 2016 U.S. Dist. LEXIS 182544, at *3 ("[A] stay will not diminish the monetary damages to which [the plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.") (citation omitted).

Accordingly, this factor favors a stay because a stay will not unduly prejudice Canon.

### B. A stay is likely to simplify the issues for trial and will reduce the burden of litigation on the Court and the parties

The second factor also favors a stay because, as this Court has recognized, IPR proceedings will simplify trial in the case regardless of outcome and in the unlikely event the PTO declines to institute review the stay will be short (*i.e.*, approximately six months). *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *5 ("If the PTO grants [defendant's] petition, continuing this litigation will result in the unnecessary duplication of effort and expenses to resolve the same issues. If the PTO denies the petition, however, the stay will be relatively short."); *accord Am. GNC Corp. v. LG Elecs. Inc.*, No. 17-cv-01090-BAS-BLM, 2018 U.S. Dist. LEXIS 40240, at *10 (S.D. Cal. Mar. 12, 2018) (granting stay because even if the PTO declined to institute the IPR "the limited nature of a stay in such circumstances far outweighs the risk of unnecessary expenditure of judicial resources before that determination"); *see also supra* at 4 (identifying this Court's decisions granting stays pending IPR on similar facts and before the PTO issued IPR institution decisions) and App. 14 (current PTO statistics indicating that the PTO institutes review of petitioned claims in the electrical/computer arts 68% of the time). Indeed, "a stay may simplify the issues in the case by, for example, rendering some or all of Plaintiff's infringement claims moot, estopping Defendant from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue." *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *4-5 (citations omitted).

Here, a stay is likely to simplify many issues in the case. If the PTO cancels the petitioned claims—which is likely, given present statistics that instituted IPRs result in cancellation of at least some claims 81% of the time and all claims 65% of the time (App. 17)—the IPRs would render moot Canon's corresponding infringement allegations regarding the '864 and '630 patents.

*Fresenius USA Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("when a claim is cancelled [by the PTO], the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot"); *see also Micrografx v. Google*, 2014 U.S. Dist. LEXIS 182401, at *4 ("Although there is a chance the patent claims will emerge from the reexamination process unchanged, the statistics indicate that is unlikely.") (citation omitted).

The '864 and '630 patents include 38 of the 92 patent claims that Canon has asserted against Avigilon in this case. *See* Dkt. 32; Dkt. 38 at 1. In addition, of the 14 claim terms presently submitted to the Court for construction, 8 of those terms are from the '864 and '630 patents. Dkt. 47, 49. A stay is thus warranted because the IPRs could simplify the litigation proceedings significantly. Cancellation of these claims in the IPRs would moot Canon's infringement claims and any discussion of the relevant claim terms in the IPRs could affect the Court's claim constructions. *Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1360-61 (Fed. Cir. 2017) (holding that IPR proceedings may be relevant to the proper claim constructions in district court). It is of no moment that the IPRs will not resolve every issue in the case. *E.g.*, *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *4-5 (granting stay where IPRs could render "*some or all* of Plaintiff's infringement claims moot") (emphasis added; citations omitted); *e-Watch*, 2013 U.S. Dist. LEXIS 138198, at *5 ("[Plaintiff] conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion for stay."); *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1024 (N.D. Cal. 2014) (granting stay where "[r]oughly half of the claims at issue in this case are currently subject to *inter partes* review proceedings").

A stay of the entire case is particularly warranted here because the only asserted patents not subject to IPRs are the Expired Asserted Patents, for which monetary damages (at most) are

10

sufficient and will be equally available to Canon after the IPRs conclude. *Supra* at 7; *see also Am. GNC*, 2018 U.S. Dist. LEXIS 40240, at *10-11 (staying the entire case even though only two of the seven asserted patents were subject to pending IPR petitions); *id.* at *11 ("The rationale for a full stay is simple. Moving forward [with] only a subset of the patents-in-suit would create significant inefficiencies, including the possibility of multiple trials on multiple timelines with duplicative discovery, claim construction, and dispositive motions, burdening both the parties and the Court.") (citation omitted).[5]

Even in the unlikely event that '864 and '630 patents survive a final written decision from the PTAB, the IPRs will simplify the litigation proceedings significantly. In that event, Avigilon would be estopped from relying in the litigation on any grounds that it raised or reasonably could have raised in the IPRs. *Micrografx v. Google*, 2014 U.S. Dist. LEXIS 182401, at *4 (granting stay and citing the IPR estoppel provision of 35 U.S.C. § 315(e)(2)). Avigilon has asserted in its invalidity contentions in this case that the '864 patent is invalid from at least 29 prior art patents and printed publications and that the '630 patent is invalid from at least 14 prior art patents and printed publications. *See* Dkt. 36. A stay is thus warranted because even if the IPRs resolve in Canon's favor after a final written decision from the PTAB, as presently understood based on the jurisprudence in this District Avigilon would be estopped in this District from relying on some or all of these patents and printed publications in any manner they were raised or reasonably could

---

[5] *See also Garmin Switz.*, 2017 U.S. Dist. LEXIS 207435, at *7 (granting full stay where a subset of the claims in one of two asserted patents was subject to IPR); *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *23 (granting full stay pending IPRs because "even if the PTAB restricts its review to the claims of the '551 patent and the initially asserted claims of the '664 patent, any disposition by the PTAB is likely to simplify the proceedings before this Court").

have been raised in the IPRs.[6] The Court will also have the "PTAB's expert opinion on the claims at issue." *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *5 (citations omitted); *see also Software Rights Archive LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 U.S. Dist. LEXIS 133707, at *6 (N.D. Cal. Sept. 17, 2013) ("A stay effectuates the intent of the AIA by allowing the agency with expertise to have the first crack at cancelling any claims that should not have issued in the patents-in-suit before costly litigation continues.") (citing H.R. Rep. 112-98, Part I, at 39-40 (2011)); 77 Fed. Reg. 48,680 (Aug. 14, 2012) (identifying the AIA as intended "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation").

Accordingly, the second factor favors a stay because it is likely to simplify the issues for trial regardless of the outcome of the IPRs, and will reduce the burden of litigation on the Court and the parties.

### C. The litigation is in its early stages

The third factor also favors a stay because this action is in its early stages. Courts examine the "stage of litigation" factor as of the date of filing of the motion to stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014).

As this Court has recognized, "[a] case need not be in its infancy to warrant a stay. Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Blephex*, 2016 U.S. Dist. LEXIS 182544, at *5-6

---

[6] *iLife Techs., Inc. v. Nintendo of Am. Inc.*, No. 3:13-cv-4987-M, 2014 U.S. Dist. LEXIS 113232, at *6-7, 10-11, 19-20 (N.D. Tex. Aug. 15, 2014) (Lynn, J.) (discussing the estoppel effects of 35 U.S.C. § 315(e)(2) in this District "[i]n the absence of binding precedent" from the Federal Circuit).

(citation omitted); *accord e-Watch*, 2013 U.S. Dist. LEXIS 138198, at *7-8 (granting a stay where "there is more work ahead of the parties and the Court than behind the parties and the Court.") (citation omitted).

Here, a stay is warranted because no date for trial has been set, no dates for the close of fact and expert discovery have been set, no case-dispositive motions have been filed, and there has been no decision on claim construction and no *Markman* hearing has been set. In addition, no depositions have been taken outside of claim construction, and discovery regarding damages and email production will not commence until 30 days after the Court issues a claim construction order.

Indeed, the facts of this case square with those of *Micrografx v. Google*, where as noted, this Court granted a stay. 2014 U.S. Dist. LEXIS 182401, at *5 (granting stay pending IPRs where "the parties have not completed discovery, nor has a trial date been set. Though the parties have submitted claim construction briefs, the Court has not scheduled a *Markman* hearing. The Court has not ruled on any dispositive motions."); *accord NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *9-10 (granting stay where claim construction briefing was complete and a trial date was set but fact discovery was not closed and "significant pretrial discovery, filings, motions, and other events remain to be completed before the scheduled trial date"); *PersonalWeb Techs.*, 69 F. Supp. 3d at 1025-27 (granting stay where the court had already issued a claim construction order, "discovery has been completed," and the parties "have taken a dozen depositions"); *Finjan*, 139 F. Supp. 3d at 1034 (granting stay where the parties completed claim construction briefing and the court held a *Markman* hearing); *Am. GNC*, 2018 U.S. Dist. LEXIS 40240, at *6-7 (granting stay where "the parties ha[d] submitted the Joint Hearing Statement, Claim Construction Charts, and Claim Construction Worksheet for the scheduled claim construction hearing … and claim construction briefing" because although "the parties ha[d] completed these benchmarks under the Patent Local

13

Rules," "[m]uch remains for progression in this case, which has only been pending for nine months.").

Accordingly, because all relevant factors weigh in favor of a stay, the Court should stay this case pending resolution of the IPRs.

**IV.   CONCLUSION**

For the foregoing reasons, Avigilon respectfully requests the Court to stay this case pending resolution of the *inter partes* review proceedings.

Date: August 31, 2018

Respectfully submitted,

/s/ *Eric W. Pinker*
Eric W. Pinker, P.C.
State Bar No. 16016550
epinker@lynnllp.com
Christopher Schwegmann
State Bar No. 24051315
schwegmann@lynnllp.com
Jared D. Eisenberg
State Bar No. 24092382
jeisenberg@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3800
Facsimile: 214-981-3839

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC**
Michael T. Renaud (admitted *pro hac vice*)
mtrenaud@mintz.com
Daniel B. Weinger (admitted *pro hac vice*)
dbweinger@mintz.com
One Financial Center
Boston, MA 02110
Phone: (617) 542-6000
Fax: (617) 542-2241

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC**
Peter F. Snell (admitted *pro hac vice*)

       pfsnell@mintz.com
       Vincent M. Ferraro (admitted *pro hac vice*)
       vmferraro@mintz.com
       666 Third Avenue
       New York, NY 10017
       Phone: (212) 935-3000
       Fax: (212) 983-3115

       *Attorneys for Defendants Avigilon*
       *Corporation and Avigilon USA Corporation*

## **CERTIFICATE OF SERVICE**

On August 31, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Eric W. Pinker*
Eric W. Pinker
