IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANON INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2733-N |
| | § | |
| AVIGILON USA CORPORATION INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants Avigilon USA Corporation and Avigilon Corporation's (collectively, "Avigilon") Motion to Stay Pending *Inter Partes* Review [74]. For the reasons stated below, the Court grants the motion and stays the case pending final resolution of the *inter partes* review.

### I. THE PATENT DISPUTE

Plaintiff Canon filed this lawsuit on October 5, 2017 alleging that Avigilon infringes five of Canon's patents. On August 29, 2018, Avigilon filed petitions for *inter partes* review ("IPR") of two of the five asserted patents. In its petitions, Avigilon requests that the PTO's Patent Trial and Appeal Board ("PTAB") cancel all claims of the '864 and '630 patents as anticipated and rendered obvious by prior art patents and printed publications. Avigilon then filed this motion asking the Court to stay the case pending resolution of the IPRs of the '864 and '630 patents.

## II. THE COURT STAYS THE CASE

The Court considers the following factors when deciding whether to stay litigation pending *inter partes* review: "1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set." *Micrografx, LLC v. Google, Inc.*, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014). The Court may also consider whether a stay would reduce the burden of litigation. *Blephex LLC v. Pain Point Med. Sys. Inc*, 2016 WL 7839343, at *1 (N.D. Tex. Nov. 3, 2016) (citing *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016)).

### A. A Stay Will Not Unduly Prejudice Canon

A stay will not unduly prejudice Canon. Canon argues that it will suffer prejudice because Canon and Avigilon are market competitors and because Avigilon unreasonably delayed filing its petitions for *inter partes* review.

The Court notes at the outset that a delay caused by the *inter partes* review process, without more, does not justify denial of a stay because the length of the *inter partes* review alone does not establish prejudice. *Id.,* at *2. Here, any potential prejudice to Canon can be compensated by monetary damages. Moreover, Canon has not moved for a preliminary injunction, and the Complaint's bare bones request for injunctive relief and damages does not justify denial of a stay pending *inter partes* review.

Avigilon also did not unreasonably delay filing its petitions for *inter partes* review. Avigilon prepared and filed its IPR petitions within the time allowed by statute (within one

year of service of Canon's Complaint). The mere fact that Avigilon chose not to file its IPRs until after considering Canon's contentions in its claim construction brief does not amount to unreasonable delay. The Court therefore concludes that the first factor weighs in favor of a stay.

### B. A Stay May Simplify the Issues in the Case

A stay may simplify the issues in the case by, for example, "rendering some or all of Plaintiff's infringement claims moot, estopping Defendant from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue." *Id*. (quoting *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2015 WL 1967878, at *3 (N.D. Cal. 2015)). "Although there is a chance the patent claims will emerge from the reexamination process unchanged, the statistics indicate that is unlikely." *Id.* (quoting *Tierravision, Inc. v. Google, Inc.*, 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012)). Accordingly, upon consideration of the facts of this case, the Court finds this factor weighs toward granting the stay.

### C. The Case Is in the Early Stages of Litigation

The third factor, the status of the case, also weighs in favor a stay. "A case need not be in its infancy to warrant a stay. Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014). Specifically, when examining this factor courts consider "whether discovery is complete and

Case 3:17-cv-02733-N Document 81 Filed 01/03/19 Page 4 of 4 PageID 7008

whether a trial date has been set." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837, at *2 (N.D. Cal. 2014). This case has not yet been set for trial, and there are no dates for the close of fact and expert discovery. Moreover, the parties have not filed dispositive motions, and the Court has not rendered a decision on claim construction. Based on the status of the case, the Court finds that this factor weighs in favor of granting the stay.

## CONCLUSION

Because each of the three factors supports granting of the stay, the Court grants Avigilon's motion and stays the case pending resolution of the *inter partes* review.

Signed January 3, 2019.

_____
David C. Godbey
United States District Judge